# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCISCO SOSA,** | : | Civil No. 3:12-CV-1724 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOSEPH GIRILLO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

In this case we are called upon to conduct another screening review of *a pro se in forma pauperis* plaintiff's third amended complaint, a third amended complaint which was filed after we placed the plaintiff, Francisco Sosa, on notice of multiple flaws in the complaint, first amended complaint, and second amended complaint which he had previously filed..

The background of this case can be simply stated: The plaintiff, Francisco Sosa, is a state inmate, who filed a complaint on August 29, 2012, which he later amended on September 6, 2012. (Docs. 1 and 8.) In these complaints, Sosa sued the Commonwealth of Pennsylvania, thirteen correctional officials, and three private attorneys who represented Sosa in criminal matters that led to his conviction and incarceration.

Sosa's complaints advanced a hodgepodge of claims against this array of defendants. In these complaints Sosa alleged: (1) that he was "verbally and mentally abused" by some prison staff; (2) that prison supervisors have failed to act promptly and favorably upon his various grievances; and (3) that he was denied due process in te course of disciplinary proceedings which resulted in a sanction of 120 days in restricted housing. (Doc. 1.) Sosa also sought to sue his criminal defense counsel for their alleged shortcomings in defending him during probation revocation and post-conviction proceedings. (Doc. 8.) Finally, Sosa's complaint contained contradictory allegations regarding whether Sosa has been physically assaulted by staff, with some pleadings asserting a claim that Sosa was assaulted (Doc. 1), and other pleadings contradicting this claim. (Docs 1 and 7.)

Along with these *pro se* complaints, Sosa filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), which we granted. While we granted this motion to proceed *in forma pauperis*, as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we carefully reviewed these two complaints, and concluded that the complaints failed to state a claim upon which relief could be granted. Accordingly, we recommended that the complaints be dismissed without prejudice to Sosa attempting to correct the deficiencies noted in this Report and Recommendation, (Doc. 9), a recommendation which the district court adopted on October 1, 2012.(Doc. 14.)

In the meanwhile, Sosa filed a document, styled as an amended complaint, in an apparent effort to comply with this court's guidance regarding deficiencies in his prior pleadings. (Doc. 13.) This second amended complaint, however, had its own flaws and shortcomings. First, this pleading had no caption and did not clearly identify any defendants, leaving the court to speculate as to which correctional defendants may be named in this pleading. Furthermore, while the second amended complaint appeared to abandon claims against Sosa's former defense counsel, (Doc. 13, p. 8), it seemed to still persist in bringing claims based upon alleged verbal harassment, processing of inmate grievances, supervisory liability, and the conduct of disciplinary proceedings, claims that we previously found to be legally deficient. (Id.) The second amended complaint also clarified that Sosa wished to bring an excessive force claim against some correctional defendants, but did not clearly state which defendants, because Sosa alleged that he was unconscious at the time of the alleged assault and does not know who his alleged assailants were.

As part of our ongoing legally-mandated screening of *pro se*, *in forma pauperis* cases, we carefully reviewed this second amended complaint, and concluded that the complaint failed to state a claim upon which relief could be granted. Accordingly, we recommended that the second amended complaint be dismissed without prejudice to Sosa attempting to correct the deficiencies noted in this Report and Recommendation,

(Doc. 16), a recommendation which the district court adopted on November 6, 2012. (Doc. 18.)

On November 20, 2012, Sosa endeavored to comply with this directive by filing a third amended complaint with this court. (Doc. 19.) This complaint names two defendants. First, Sosa names a prison counselor, Joseph Girillo, as a defendant. Sosa then makes a series of specific and detailed allegations against defendant Girillo. Sosa then names the prison superintendent, Wayne Gavin, as a defendant in this third amended complaint, but merely alleges that Mr. Gavin is liable because he was responsible for the operation of the prison and failed to adequately investigate Sosa's prior complaints, allegations we previously found to be legally insufficient. (Id.)

For the reasons set forth below, we recommend that Sosa's third amended complaint be dismissed with prejudice as to defendant Gavin, but served upon defendant Girillo.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

As we have previously noted, this Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have

5

>   seemingly shifted from simple notice pleading to a more heightened
>   form of pleading, requiring a plaintiff to plead more than the possibility
>   of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words,

> a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

8

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

> **B.** **Sosa's Claim that Superintendent Gavin Failed to Adequately Investigate His Various Complaints Still Fails as a Matter of Law**

In this case our screening analysis of Sosa's third amended complaint reveals that as to one defendant, Joseph Girillo, the plaintiff has stated sufficient well-pleaded facts to justify service of this complaint. Therefore, we recommend that the complaint be served on defendant Girillo.

However, as to the second named defendant, Superintendent Gavin, Sosa's third amended complaint still fails to state a claim upon which relief may be granted. To the extent that Sosa's complaint persists in premising liability on the supervisory status of this defendant and alleges that Superintendent Gavin did not adequately investigate the various allegations that he has leveled against correctional staff, these claims continue to clearly fail as a matter of law. Thus, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison supervisor when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct

shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

> In particular, with respect to prison supervisors it is well-established that:
>
> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

> As the Supreme Court has observed:
>
> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them*. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006)(emphasis added).

Nor can an inmate, like Sosa, sustain constitutional tort claims against a prison supervisor based solely upon assertions that the official failed to adequately investigate or respond to his past grievances. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 F. App'x 880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance

11

procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). As the United States Court of Appeals for the Third Circuit has observed when disposing of a similar claim by another inmate:

> Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause)

Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008).

Indeed, as to such claims, the United States Court of Appeals for the Third Circuit has recently held that summary dismissal is appropriate "because there is no apparent obligation for prison officials to investigate prison grievances. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir.1973)." Paluch v. Sec'y Pennsylvania Dept. Corr., 442 F. App'x 690, 695 (3d Cir. 2011).

In sum, in this case, fairly construed, these particular claims brought by Sosa against Superintendent Gavin in this third amended complaint continue to consist of

little more than assertions of *respondeat superior* liability, coupled with dissatisfaction with the defendant's response to this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, these claims should also be dismissed with prejudice.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that all claims lodged by Sosa in his third amended complaint (Doc. 19), against defendant Gavin arising out of allegations of supervisory liability and complaints concerning the processing of prison grievances be dismissed with prejudice. IT IS FURTHER RECOMMENDED that Sosa's third amended complaint be served upon the sole remaining defendant named in that complaint, defendant Girillo.

> The parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of November, 2012.

                                           ***S/Martin C. Carlson***
                                           Martin C. Carlson
                                           United States Magistrate Judge