FILED
SCRANTON
JAN 10 2013
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO SOSA,<br>     Plaintiff<br><br>    v.<br><br>JOSEPH GRILLO, S/O Unit Manager, and WAYNE J. GAVIN, Superintendent,<br>     Defendants | No. 3:12cv1724<br><br>(Judge Munley)<br><br>(Chief Magistrate Judge Carlson) |

## MEMORANDUM

Before the court is Chief Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 20) proposing the dismissal of Defendant Wayne J. Gavin from this action. Plaintiff Francisco Sosa filed objections (Doc. 26) to the Report and Recommendation, making this case ripe for disposition. For the following reasons, the court will adopt the Report and Recommendation.

**Background**

Plaintiff Francisco Sosa (hereinafter "plaintiff") is an inmate at the State Correctional Institution (hereinafter "SCI") in Frackville, Pennsylvania. (Doc. 25, Notice). Prior to being transferred to SCI-Frackville, plaintiff was incarcerated at SCI-Waymart, Pennsylvania. (Doc. 1, Compl.). Plaintiff initiated the instant pro se action pursuant to 42 U.S.C. § 1983 on August 29, 2012 by filing a complaint against the Commonwealth of Pennsylvania and thirteen correctional officers. (Id.) On September 6, 2012, plaintiff filed an additional civil rights form complaint in which he sought to add three private

attorneys to his civil rights action. (See Doc. 8, Am. Compl. filed Sept. 6, 2012).

Judge Carlson aptly described plaintiff's first complaints as a "hodgepodge of claims against this array of defendants." (Doc. 20, Report & Recommendation dated Nov. 21, 2012 (hereinafter "R&R") at 2). In his August 29 and September 6 complaints, plaintiff alleges: (1) that he was "verbally and mentally abused" by staff, (2) that Defendant Joseph Grillo physically abused him while he was unconscious,[1] (3) that prison supervisors failed to act promptly and favorably upon his various grievances, (4) that he was unlawfully sanctioned with time in restricted housing, and (5) that his criminal defense attorneys were allegedly ineffective during probation revocation and post-conviction proceedings. (See Doc. 1, Compl.; Doc. 8, Am. Compl. filed Sept. 6, 2012).

As a part of his legally mandated screening of pro se, *in forma pauperis* cases, Judge Carlson carefully reviewed the August 29 and September 6, 2012 complaints and recommended that the complaints be dismissed without prejudice. (See R&R). The court adopted the September 17, 2012 Report and Recommendation on October 1, 2012. (Doc. 14, Order dated Oct. 1, 2012).

---

[1] Plaintiff's allegation of physical abuse at the hands of staff, (Doc. 1, Compl. at 2), contradicts plaintiff's other filings in which he claims that he was not assaulted, (Doc. 7, Exs. at 3).

In an apparent attempt to cure the deficiencies with his prior pleadings, plaintiff filed a document styled as an "Amended Complaint" on September 19, 2012. (Doc. 13, Am. Compl. filed Sept. 19, 2012). This complaint, however, also suffered from flaws and shortcomings. The first, and quite noticeable, flaw was the absence of a caption or a mechanism to clearly identify the defendants. Moreover, the amended complaint filed on September 19, 2012 appears to abandon the claims against plaintiff's attorneys while adding additional excessive force claims against unknown staff members who abused plaintiff while he was unconscious. (Id. at 8). An October 15, 2012 Report and Recommendation again recommended dismissal without prejudice because plaintiff failed to state a claim for which relief can be granted. (Doc. 16, Report & Recommendation dated Oct. 15, 2012). The court adopted the October 15, 2012 Report and Recommendation on November 6, 2012 and granted plaintiff twenty days to amend his complaint.

Plaintiff filed his most recent amended complaint on November 20, 2012. (Doc. 19, Am. Compl. filed Nov. 20, 2012). This amended complaint only names two defendants–Defendant Joseph Grillo (hereinafter "Grillo") and Defendant Wayne Gavin (hereinafter "Gavin"). With respect to Grillo, plaintiff makes a number of specific and detailed allegations. Plaintiff, however, names Gavin as a defendant in his official capacity as Superintendent of SCI-Waymart, and alleges that he is liable because he failed to adequately

investigate plaintiff's prior complaints.[2]

On November 21, 2012, Judge Carlson issued a Report and Recommendation in which he recommended that all claims against Gavin be dismissed. (R&R at 13). Judge Carlson further recommended that plaintiff's complaint be served upon Grillo, the sole remaining defendant in this action. (Id.) Plaintiff filed timely objections to the Report and Recommendation, (Doc.

---

[2] Plaintiff's amended complaint filed November 20, 2012 alleges as follows with respect to Gavin:

> Upon [receipt of a report exonerating plaintiff of the charge of self-mutilation] Defendant Gavin Superintendent should have inquired on how plaintiff Sosa was actually injured under his watch, now the record shows Plaintiff Sosa did not self-mutilate after all it now goes back to, did Defendant Grillo kick Plaintiff Sosa to cause the documented injuries for Plaintiff Sosa[?]
>
> Did Defendant Superintendent Gavin notify the office of professional responsibility to investigate anything in regards to injuries Sosa received, or the alleged assault against Sosa or did everything remain inside of SCI-Waymart when it end [sic] with the security office investigation[?]
>
> Plaintiff Sosa has asked Defendant Superintendent Gavin to allow Sosa to file a criminal complaint with the PA State Police against Defendant Grillo to [sic] date nothing . . . .
>
> By having knowledge of Defendant Grillo's illegal action, [and] failing to correct that misconduct[,] Defendant Gavin is also violating Plaintiff Sosa's rights under the Eighth Amendment to the United States Constitution and causing Plaintiff Sosa pain, suffering, physical injury and emotional distress[.]

(Doc. 19, Am. Compl. filed Nov. 20, 2012 at 8-10).

4

26), bringing this case to its current posture.

**Standard of Review**

In disposing of objections to a magistrate judge's Report and Recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Plaintiff objects to three distinct aspects of the Report and Recommendation. First, plaintiff objects to the classification of the complaint dated September 6, 2012 as an "amended complaint." Plaintiff argues that his "first amended complaint . . . is dated as 9/13/12[,] but the record shows 9/6/12 which is not correct . . . . My second amended complaint is dated Nov 9, 2012 . . . I don't have records of a third amended complaint . . . ." (Doc. 26, Objections at 1).

It appears this objection arises from plaintiff's confusion with the terminology used on the docket sheet and not from any error with the record. As the court reviewed in the background section above, plaintiff initiated this action with a complaint on August 29, 2012. (Doc. 1). Plaintiff attempted to

5

add his former attorneys as defendants in this case on September 6, 2012 when he filed a new Section 1983 form complaint. (Doc. 8). The September 6, 2012 complaint is correctly identified on the docket sheet as an "amended complaint," even if defendant does not consider it to be so. Plaintiff's second amended complaint was filed with this court on September 19, 2012 and his third amended complaint was filed on November 20, 2012. (Docs. 13, 19). Therefore, the court finds no error with the docket and the court will overrule plaintiff's first objection. The court will direct the Clerk of Court to send plaintiff a copy of the docket sheet for his records.

In his second objection, plaintiff asserts that Judge Carlson misspelled Defendant Joseph Grillo's name. (Doc. 26, Objections at 1). The docket identifies this defendant as "Joseph Girillo." The court will sustain this objection and direct the Clerk of Court to correct the spelling of Defendant Joseph Grillo's name on the docket.

In his third and final objection, plaintiff argues that the Magistrate Judge erred in recommending that Gavin be dismissed from this action. In his Report and Recommendation, Judge Carlson found that plaintiff premises his claim against Gavin on (1) supervisory liability and (2) a failure to adequately investigate. (R&R at 9). The Report and Recommendation further explains that, given the two grounds upon which plaintiff bases his claim against Gavin, plaintiff fails to state a claim as a matter of law. (Id.)

Plaintiff appears to dispute this finding and asserts in his objections that

6

he alleged a valid claim against Gavin; however, plaintiff's objections largely repeat his assertion that Gavin should be liable because he (1) is a prison supervisor and (2) allegedly conducted an inadequate investigation.[3]

With respect to his first basis for imposing liability on Gavin–that Gavin is the Superintendent of SCI-Waymart–the court finds that plaintiff fails to state a claim for supervisory liability as a matter of law. Constitutional tort

---

[3] Plaintiff specifically states in his objections as follows:

I was injured at [Gavin's] prison and he failed to thoroughly conduct an investigation[.] I received a misconduct . . . for self-mutilation and lieing [sic] to an employee[.]

I appealed to the 3rd level and on June 8, 2012 final review for misconduct was made to dismiss the charge of self-mutilation but not lieing [sic] to an employee[.] Superintendent Gavin got a copy of that final review June 13, 2012. . . .

I have pleaded with Superintendent Gavin to get [to] the bottom of how was [sic] I injured[.] If the record shows I did not self-mutilate then I also did not lie to any employee or staff I only reported what I knew personally and what I knew [through] information and belief[.]

I was kept in the RHU for 90 days for something I did not do[.] [T]hat action alone interfered with my court ordered program needs and my chance for parole . . . .

Superintendent Gavin failed to protect my welfare when he was aware I did not self-mutilate and did nothing to look deeper into what took place here to an inmate under his care[.]

(Doc. 26, Objections at 1-2).

7

liability claims are personal in nature, and to state a constitutional tort liability claim against a supervisor, the plaintiff must show that the supervisor actively deprived him of a right secured by the Constitution. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997), *overruled in part on other grounds by* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

Moreover, it is well settled in the Third Circuit that "[a]n individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (internal quotation omitted); see also Simonton v. Tennis, 437 F. App'x 60, 64 (3d Cir. 2011) ("To establish an action for supervisory liability, a plaintiff must demonstrate that the supervising officials: (1) personally participated in violating a person's rights; (2) directed others to violate a person's rights; or (3) had knowledge of and acquiesced in a subordinate's violations of a person's rights.").

In the instant case, plaintiff's claims against Gavin amount to little more than assertions of respondeat superior liability. Plaintiff does not allege that Gavin personally participated in the incident in which he was injured. Plaintiff also fails to allege that Gavin directed a subordinate to violate plaintiff's rights

or that he acquiesced in such activity. Serving as superintendent at a prison is insufficient in and of itself to hold an individual government defendant liable under Section 1983.

With respect to plaintiff's second basis for asserting that Gavin is liable–that Gavin failed to adequately investigate the circumstances surrounding plaintiff's alleged assault–the court similarly finds that plaintiff failed to state a claim as a matter of law. It is well settled that inmates do not have a constitutional right to a prison grievance system. See Sims v. Piazza, 462 F. App'x 228, 231-32 (3d Cir. 2012) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); McGuire v. Forr, No. 94-6884, 1996 WL 131130, at *1 n.1 (E.D. Pa. Mar. 21, 1996), aff'd 101 F.3d 691 (3d Cir. 1996)). Additionally, the Third Circuit Court of Appeals has recently reaffirmed the legal precept that "[t]here is no apparent obligation for prison officials to investigate prison grievances." Paluch v. Sec'y Pa. Dept. Corr., 442 F. App'x 690, 695 (3d Cir. 2011) (citing Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir. 1973)); see also Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) (holding that the district court properly dismissed prison supervisors from an inmate's civil rights action when those supervisors "were sued based on their failure to take corrective action when grievances or investigations were referred to them.").

In the instant case, the court finds that plaintiff failed to state a claim against Gavin as a matter of law. Plaintiff's claims amount to nothing more

9

than an assertion that Gavin failed to take corrective action as a prison supervisor. Gavin's inaction as a prison supervisor is insufficient to maintain a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, the court will adopt the Report and Recommendation and dismiss Gavin from the instant civil rights action.

**Conclusion**

For the reasons stated above, the court will adopt the Report and Recommendation and dismiss Defendant Wayne J. Gavin. This case will be remanded for further proceedings. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO SOSA, | : | No. 3:12cv1724 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Carlson) |
| JOSEPH GRILLO, S/O Unit | : | |
| Manager, and WAYNE J. | : | |
| GAVIN, Superintendent, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, on this 10th day of January 2013, it is hereby **ORDERED** as follows:

1) Plaintiff Francisco Sosa's Objections to the Report and Recommendation (Doc. 26) are **SUSTAINED IN PART** and **OVERRULED IN PART**. Plaintiff's objections are **SUSTAINED** with respect to the spelling of Defendant Joseph Grillo's name and **OVERRULED** in all other respects. The Clerk of Court is directed to correct the spelling of Defendant Grillo's name on the docket;

2) Chief Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 20) is hereby **ADOPTED**;

3) Defendant Wayne J. Gavin is **DISMISSED** from this action;

4) The Clerk of Court is directed to prepare and issue a summons for the United States Marshall Service to serve upon Defendant Joseph

Grillo along with plaintiff's third amended complaint (Doc. 19);

5) The Clerk of Court is directed to send a copy of the docket sheet and a copy of this Memorandum and Order to Plaintiff Francisco Sosa; and

6) This case is **REMANDED** to Magistrate Judge Susan E. Schwab for further proceedings.[4]

                                                          **BY THE COURT:**

                                                          **s/ James M. Munley**
                                                          **JUDGE JAMES M. MUNLEY**
                                                          **United States District Court**

---

[4] Subsequent to the filing of the Report and Recommendation by Chief Magistrate Judge Martin C. Carlson, this case was transferred to Magistrate Judge Susan E. Schwab.