UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO SOSA, | : | CIVIL NO: 3:12-CV-01724 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JOSEPH GRILLO, | : | |
| Defendant | : | |

**ORDER**
October 10, 2013

**I. Introduction.**

The plaintiff, Francisco Sosa, claims that the defendant, a prison counselor, violated his Fifth Amendment right to remain silent in connection with a sex-offender-treatment program, used excessive force against him, and planned to transfer him in retaliation for his filing of this action. We previously denied Sosa leave to file a fourth amended complaint, and he has now moved for reconsideration of that order. Soas has also filed a motion for leave to file a supplemental complaint. We will deny both of those motions.

## II. Background and Procedural History.

Sosa is an inmate at the State Correctional Institution in Frackville, Pennsylvania. Prior to being transferred to SCI-Frackville, Sosa was an inmate at the State Correctional Institution in Waymart, Pennsylvania, and, on August 29, 2012, while incarcerated at that institution, Sosa filed a complaint, which he later amended. *Docs. 1 and 8*. In these complaints, Sosa sued the Commonwealth of Pennsylvania, thirteen correctional officials, and three private attorneys who represented him in criminal matters that led to his conviction and incarceration. Sosa advanced a hodgepodge of claims against this array of defendants. In these complaints, Sosa alleged: (1) that he was verbally and mentally abused by prison staff; (2) that prison supervisors failed to act promptly and favorably upon his various grievances; and (3) that he was denied due process in the course of disciplinary proceedings which resulted in a sanction of 120 days in restricted housing. *Doc. 1*. Sosa also sued his criminal defense counsel for their alleged shortcomings in defending him during probation-revocation proceedings and postconviction proceedings. *Doc. 8.* Finally, Sosa's complaint contained contradictory allegations regarding whether he had been physically assaulted by staff, with some pleadings asserting a claim that Sosa was assaulted, and other pleadings contradicting this claim. *Docs. 1 and 7.*

Along with these *pro se* complaints, Sosa filed a motion for leave to proceed *in forma pauperis*, which the court granted. As part of the court's legally mandated screening of *in forma pauperis* cases, Magistrate Judge Carlson carefully reviewed these two complaints, and he concluded that they failed to state a claim upon which relief may be granted. Accordingly, Judge Carlson recommended that the complaints be dismissed without prejudice to Sosa attempting to correct the deficiencies noted in the Report and Recommendation, a recommendation which Judge Munley adopted in October of 2012. *Docs. 9 and 14*.

In the meantime, in an apparent effort to comply with Judge Carlson's guidance regarding deficiencies in his prior pleadings, Sosa filed a document styled as an amended complaint. *Doc. 13*. This second amended complaint, however, had its own flaws and shortcomings. First, this complaint had no caption and did not clearly identify any defendants, leaving the court to speculate as to which defendants may be named in this pleading. *Id*. Furthermore, while the second amended complaint appeared to abandon claims against Sosa's former defense counsel, it still seemed to persist in bringing claims based on alleged verbal harassment, processing of inmate grievances, supervisory liability, and the conduct of disciplinary proceedings, claims that the court previously found to be legally deficient. *Id*. The second amended complaint also clarified that Sosa wished to bring an excessive force claim against some correctional defendants, but

it did not clearly identify those defendants purportedly because Sosa alleges that he was unconscious at the time of the assault and does not know who his assailants were. *Id.*

Judge Carlson carefully reviewed this second amended complaint, and he concluded that it failed to state a claim upon which relief may be granted. He recommended that the second amended complaint be dismissed with prejudice as to all claims against the Commonwealth of Pennsylvania and the Department of Corrections, all claims against prison official defendants Klopotoski, Gavin, Murphy, Banta, DeLucy, Delrosso, Elleh, Kosicuk, Vivanasky, and Smith arising out of allegations of supervisory liability and complaints concerning the processing of prison grievances, all claims against disciplinary hearing examiner Plaksa, all claims against Sosa's former counsel, and all claims of verbal harassment. *Doc. 16.* Judge Carlson further recommended that the excessive force claim be dismissed without prejudice to Sosa filing an amended complaint which would correct the defects noted in his Report and Recommendation. *Id.* Judge Munley adopted that Report and Recommendation. *Doc. 18.*

On November 20, 2012, Sosa filed a third amended complaint naming two defendants. *Doc. 19.* Sosa named a prison counselor, Joseph Grillo, as a defendant, and Sosa made a series of specific and detailed allegations against defendant Grillo. *Id.* Sosa also named the prison superintendent, Wayne Gavin, as

4

a defendant, but he merely alleged that Mr. Gavin is liable because he was responsible for the operation of the prison and failed to adequately investigate Sosa's prior complaints, allegations the court previously found to be legally insufficient. *Id.* Judge Carlson recommended that Sosa's third amended complaint be dismissed with prejudice as to defendant Gavin, but he recommended that it be served on defendant Grillo. *Id.* In early January of 2013, Judge Munley adopted that Report and Recommendation and remanded the case to the undersigned for further proceedings. *Doc. 32.*

Sosa filed a fourth amended complaint, which we ordered stricken from the record because Sosa did not seek or obtain either the opposing party's written consent or leave of court as required by Fed.R.Civ.P. 15(a)(2) and because the fourth amended complaint included claims that the court had already dismissed with prejudice. *Doc. 35.* Thereafter, Sosa filed motions for leave to file a fourth amended complaint, *docs. 37 & 42*, but because Sosa's proposed fourth amended complaint included claims and defendants that the court had already dismissed with prejudice, we denied those motions. *Doc. 91.*

Undeterred in his quest to add claims and defendants to this case, Sosa then filed a motion for reconsideration of the denial of his motions for leave to file a fourth amendment complaint and a separate motion for leave to file a supplemental complaint. *Docs. 93 & 100.* We will deny those motions.

**III. Motion For Reconsideration.**

Sosa has filed a motion for reconsideration of the Order of April 12, 2013 denying his motions for leave to file a fourth amended complaint. Because Sosa has not met the exacting standards to justify reconsideration, we will deny his motion.

As "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), "[t]he scope of a motion for reconsideration. . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Mere disagreement with the court, however, does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994).

In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992).

In this case, we denied Sosa's motions for leave to file a fourth amendment complaint because Sosa included claims in his proposed fourth amended complaint that had already been dismissed with prejudice. Contrary to Sosa's contention, we did consider documents 42, 45, 46, in denying his motions for leave to file a fourth amended complaint. Because Sosa has not presented a proper basis for reconsideration of the order denying his motions for leave to file a fourth amended complaint, we will deny his motion for reconsideration.

**IV. Motion for Leave to File a Supplemental Complaint.**

Sosa has filed a motion for leave to file a supplemental complaint, and he has filed a proposed supplemental complaint *(doc. 111)*. Because the proposed supplemental complaint includes claims that fail to state a claim upon which relief can be granted, we will deny this motion.

Rule 15(d) of the Federal Rules of Civil Procedure deals with supplemental pleadings and provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the

>opposing party plead to the supplemental pleading within a specified time.

The decision whether to allow the plaintiff to file a supplemental complaint is a matter for the discretion of the trial court. *Nottingham v. Peoria*, 709 F.Supp. 542, 544 (M.D. Pa. 1988). The rules governing amended and supplemental pleadings are generally liberally construed in favor of permitting such pleadings consistent with the goal of ensuring that all related claims are litigated in a single action. *United States Automobile Assoc. v. Foster*, 783 F.Supp. 916, 919 (M.D. Pa. 1992). The court should consider that following factors in exercising its discretion: 1) the promotion of a justiciable disposition of the case; 2) the delay or inconvenience the allowance of a supplemental pleading will cause; and 3) the prejudice to the rights of the parties to the action. *Nottingham*, 709 F.Supp. at 544. Whether the pleading raises a meritorious claim is also a factor that may be considered. *Foster*, 783 F.Supp. at 918. In addition, "a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts and relates to a defendant not implicated in the original complaint." *Nottingham*, 709 F.Supp. at 544.

Here, Sosa seeks to file a supplemental complaint raising claims based on his transfer from SCI-Waymart to SCI-Frackville. He seeks to name the following individuals as defendants: 1) Joseph Grillo; 2) Wayne Gavin, the Superintendent of

SCI-Waymart; 3) John Wetzel; the Secretary of the Pennsylvania Department of Corrections 4) Robert Collins, the former Superintendent of SCI-Frackville; and 5) Brenda Tritt, the present Superintendent of SCI-Frackville.

The proposed supplemental complaint contains substantially the same allegations against Grillo as the third amended complaint. In addition, in the proposed supplemental complaint Sosa claims that Grillo and Gavin transferred him in retaliation for filing this action. A prisoner claiming that a defendant has retaliated against him for exercising his constitutional rights must prove that: 1) his conduct was constitutionally protected; 2) he suffered adverse action at the hands of the defendant; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendant. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002). Sosa alleges that Grillo and Gavin worked together to transfer him "to change course[,] avoid litigation[,] and attempt to make this claim moot." *Doc. 111* at ¶37. Sosa also alleges that while "Grillo is only a unit manager[,] he may have [had] a hand in putting together a transfer." *Id.* Sosa then alleges that as the Superintendent, defendant Gavin had to authorized the transfer and that Gavin was aware of his protected conduct. *Id.* These conclusory allegations are insufficient to raise a plausible claim that defendants Grillo and Gavin retaliated against Sosa by transferring him because he had filed this action.

9

Further, the proposed supplemental complaint contains claims based on defendant Gavin's alleged failure to properly respond to Sosa's appeals of his misconduct charges and to Sosa's appeals of the denial of his grievances. *See Doc. 111 at ¶¶ 25-26, 30-32, 35, & 43.* Judge Carlson has already explained to Sosa numerous times that such claims fail to state a claim upon which relief may be granted. *See Docs. 9, 16, and 20.*

In his proposed supplemental complaint, Sosa alleges that staff failed to comply with Secretary Wetzel's policies in regard to his transfer. Because the Secretary may not be liable on the basis of respondeat superior, Sosa fails to state a claim upon which relief can be granted on the basis of the actions of his staff. Sosa also alleges that, after the alleged assault by Grillo in this case, Secretary Wetzel changed the way abuse allegations are reported, and Sosa alleges that he was denied due process because the changes were not in effect at the time of the alleged abuse in this case. The mere change in policy did not violate Sosa's rights, and Sosa has not alleged any facts from which it can reasonably be inferred that Secretary Wetzel violated his due process rights. Accordingly, the proposed supplemental complaint fails to state a claim against Secretary Wetzel upon which relief can be granted.

In his proposed supplemental complaint, Sosa alleges that he made defendants Collins and Tritt aware that he was transferred to SCI-Frackville in

retaliation, and he alleges that these defendants should reverse his transfer. That Sosa told these defendants that he believes that he was transferred in retaliation does not provide a basis to infer that they took any action or refrained from taking any action in retaliation against Sosa because he filed this complaint. Accordingly, the proposed supplemental complaint fails to state a claim against Collins and Tritt upon which relief can be granted.

For the reasons set forth above, it would be futile to allow Sosa to file his proposed supplemental complaint. Moreover, the joinder of the additional claims and defendants at this point would not promote judicial economy or the speedy resolution of this case. Thus, we will deny Sosa's motion for leave to file a supplemental complaint.

## V. Order.

For the foregoing reasons, **IT IS ORDERED** that Sosa's motion (doc. 93) for reconsideration and his motion (doc. 100) for leave to file a supplemental complaint are **DENIED.**

<em><u>S/Susan E. Schwab</u></em><br>
Susan E. Schwab<br>
United States Magistrate Judge