**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCISCO SOSA,** | : | **No. 3:12cv1724** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Schwab)** |
| **JOSEPH GRILLO,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Susan E. Schwab's report and recommendation (hereinafter "R&R"). (Doc. 134). The R&R proposes that the court deny Plaintiff Francisco Sosa's (hereinafter "Sosa") motion for a preliminary injunction (Doc. 53) and grant in part and deny in part Defendant Joseph Grillo's (hereinafter "Grillo") motion to dismiss the third amended complaint (Doc. 63). Sosa filed objections to the R&R, making this matter ripe for disposition. (Doc. 137).

**Background**

Sosa is a federal prisoner formerly incarcerated at the State Correctional Institution in Waymart, Pennsylvania (hereinafter "SCI-Waymart"). On August 29, 2012, he filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), which he subsequently amended on September 6, 2012 (Doc. 8). Sosa's initial complaints alleged verbal abuse and denial of due process against SCI-Waymart staff and supervisors. Magistrate Judge Martin C.

Carlson screened Sosa's complaints and recommended dismissing his claims without prejudice (Doc. 9).  We adopted the magistrate judge's recommendation on October 1, 2012.  (Doc. 14).

In response, Sosa filed a second amended complaint.  Sosa's second amended complaint realleged previously dismissed claims and added an excessive force claim against individual SCI-Waymart correctional officers.  (Doc. 13).  Once again, Magistrate Judge Carlson screened Sosa's second amended complaint and recommended dismissing his previously dismissed claims with prejudice, and dismissing his excessive force claim without prejudice.  (Doc. 16).  We adopted this recommendation on November 6, 2012.  (Doc. 18).

In an apparent attempt to cure the deficiencies with his prior pleadings, Sosa filed a third amended complaint on November 20, 2012.  (Doc. 19).  This amended complaint named only two defendants - Defendant Grillo and Defendant Wayne Gavin.  Sosa made a number of specific and detailed allegations against Grillo, the manager of the prison's sex offender unit, however, he only named Defendant Gavin in his official capacity as Superintendent of SCI-Waymart.  Magistrate Judge Carlson screened Sosa's complaint and recommended dismissing his claim against Defendant Gavin with prejudice.  Judge Carlson also recommended that Sosa's complaint be

2

served upon Grillo, the sole remaining defendant in this action.  On January 10, 2013, we adopted this report and recommendation, directed that the United States Marshall serve Defendant Grillo with Sosa's third amended complaint and remanded this case to Magistrate Judge Schwab for further proceedings.[1]  (Doc. 32).

In his third amended complaint, Sosa alleges that he arrived at SCI-Waymart in early August of 2011, and was required to participate in the Department of Corrections' sex-offender-treatment program (hereinafter "SOTP") in accordance with 42 PA. CONS. STAT. ANN. § 9718.1.  (Doc. 19, 3d Am. Compl. at 3).  According to Sosa, he first met Grillo during a meeting on August 9, 2011.  (Id.)  Sosa alleges Grillo questioned him about a June 2010 arrest in addition to discussing the circumstances which led to his incarceration.  (Id.)  Sosa claims that although he explained to Grillo that the June 2010 matter was resolved in his favor at a preliminary hearing, Grillo told Sosa that he knows that Sosa got away with rape and that Sosa will be accountable for the rape or else Sosa will not complete SOTP or make parole. (Id.)

In January 2012, Sosa began SOTP with Grillo.  (Id. at 4).  In early

---

[1]  Subsequent to the filing of Magistrate Judge Carlson's November 2012 report and recommendation, this case was transferred to Magistrate Judge Susan E. Schwab.

February 2012, Grillo again told Sosa that he was not being accountable for the rape for which he was arrested in June of 2010.  (Id.)  Sosa invoked the Fifth Amendment and told Grillo that he was violating his rights by trying to require him to admit to the rape.  (Id. at 5).  In response, Grillo provided Sosa with a notice advising him that he had sixty (60) days to improve his progress in the program and to take responsibility.  (Id.)  Sosa continued to attend SOTP, but claims that Grillo's focus on the incident underlying the June 2010 arrest caused him stress, headaches, and fear.  (Id.)

On March 28, 2012, Grillo again attempted to get Sosa to admit guilt regarding the incident underlying the June 2010 arrest.  (Id. at 6).  Sosa invoked the Fifth Amendment and asked Grillo to just focus on his offense of conviction.  (Id.)  According to Sosa, Grillo then called Sosa a liar, an asshole, and a piece of shit, and Grillo told Sosa that he is cocky and that he is surprised that he has not had his ass kicked.  (Id.)  Grillo then told Sosa to get out, and Sosa left the room.  (Id.)  According to Sosa, upon leaving the room he walked down the hallway and became dizzy and blacked out.  (Id.)  Sosa does not recall what happened next.  (Id.)  He only recalls being helped onto a stretcher and being taken to the medical department.  (Id.)

After a brief time in the medical department, Sosa returned to his cell block.  While in his cell, inmate Dibbie allegedly told him that inmate Root said

4

that he saw Grillo kicking Sosa in the legs while Sosa was on the ground unconscious.  (Id. at 7).  Sosa filed a grievance regarding this incident on March 29, 2012.  (Id.)

Sosa claims that upon receiving his grievance, a lieutenant at the prison first questioned Sosa alone and then he questioned inmates Dibbie and Root outside of Sosa's presence.  (Id.)  Sosa alleges that the lieutenant then told the officers present to put all three inmates in the Restricted Housing Unit (hereinafter "RHU") because they are playing games.  (Id.)

Based on these allegations, Sosa asserts the following three claims: (1) an Eighth Amendment excessive force claim against Grillo; (2) a Fifth Amendment deprivation of the right to remain silent against Grillo; and (3) a retaliation claim against Grillo.  He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

Additionally, on March 4, 2013, Sosa filed a document titled "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." He also filed a memorandum of law, a declaration and exhibits in support of his motion for a temporary restraining order.  (Docs. 53-56).  Because Sosa is proceeding *pro se*, Magistrate Judge Schwab construed the documents liberally as a motion for a preliminary injunction and a brief and documents in support thereof.

5

On March 15, 2013, Grillo filed a motion to dismiss Sosa's third amended complaint.  (Doc. 63).  On October 10, 2013, Magistrate Judge Schwab recommended that Grillo's motion to dismiss the third amended complaint be granted in part and denied in part.[2]  Specifically, the magistrate judge recommends dismissing Sosa's claims for verbal harassment and injunctive relief but allowing Sosa's Eighth Amendment excessive force claim to proceed.  The magistrate judge also recommends denying Sosa's motion for a preliminary injunction.

On October 31, 2013, Sosa filed objections to Magistrate Judge Schwab's R&R.  (Doc. 137).  Grillo filed a brief in opposition to the objections on November 13, 2013.  (Doc. 142).  The matter is thus ripe for disposition.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the

---

[2]  Magistrate Judge Schwab noted that Grillo did not address Sosa's Fifth Amendment claim or retaliation claim in his brief in support of his motion to dismiss.  Accordingly, the magistrate judge did not address those claims in her report and recommendation, and those claims will go forward.

findings or recommendations made by the magistrate judge.  Id.  The district

court judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions.  Id.

**Discussion**

   Although the defendant does not object to the R&R, Sosa has three

objections.  Sosa objects to the recommendations that: (1) his third amended

complaint fails to state a claim for verbal harassment against Grillo; (2) his

requests for equitable relief are moot; and (3) his motion for a preliminary

injunction be denied.  We address each objection in turn.

   **1.  Sosa's Claim of Verbal Harassment**

   First, Sosa objects to the recommendation that his third amended

complaint fails to allege a claim for verbal harassment against Defendant Grillo.

In our Order dated November 6, 2012, we dismissed all verbal harassment

claims with prejudice.  (Doc. 18, Order dated Nov. 6, 2012 at 2-3).  The court will

not allow Sosa to reassert a claim that has been previously dismissed with

prejudice.  Accordingly, the court will strike Sosa's claim for verbal harassment

from his third amended complaint.[3]

---

[3] Verbal harassment of a prisoner, alone, cannot support an Eighth Amendment excessive force claim.  Miller v. Sabol, 1:12-CV-2267, 2012 WL 6138125 at *6 (M.D. Pa. Nov. 14, 2012) (citing McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001)); Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006).

### 2.  Sosa' Claims for Injunctive Relief

Sosa's second objection pertains to the dismissal of his requests for injunctive relief as moot.  Sosa seeks two forms of injunctive relief.  First, he seeks an order that he not be transferred from SCI-Waymart.  Second, he requests the court direct Grillo to stop forcing him to admit to a crime he did not commit.  After careful consideration, the court finds  that  the magistrate judge did not err in concluding that Sosa's requests for injunctive relief are moot as he has already been transferred.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies."  "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'"  United States v. Juvenile Male, 131 S. Ct. 2860, 2864 (2011)  (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)).  "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'"  Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013)  (quoting Lewis, 494 U.S. at 477).  "A case becomes moot, and therefore, no longer a 'Case' or 'Controversy' for purposes of Article

8

III, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-27 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). Generally, an inmate's transfer from the facility complained of moots claims for equitable and declaratory relief. Sutton v. Rahseed, 323 F.3d 236, 248 (3d Cir. 2003).

In the present matter, the magistrate judge found that these requests are moot because Sosa  was transferred from SCI-Waymart and is presently confined at SCI-Frackville.  Sosa argues that he should now be granted his requested relief because he has newly discovered information that reveals that Grillo proposed Sosa's transfer in retaliation for Sosa's filing of this action. Sosa's claims for injunctive relief, however, are moot because he has been transferred from SCI-Waymart and will not have any further contact with Defendant Grillo.  The claims will thus be dismissed.

### 3.  Sosa's Motion for a Preliminary Injunction

Finally, Sosa objects to the recommendation that his motion for a preliminary injunction be denied because he has not shown a reasonable likelihood of success on the merits.  In his motion, Sosa seeks various remedies relating to his conditions and place of confinement.

The Third Circuit Court of Appeals has stated that "[a] party seeking a preliminary injunction must satisfy the traditional four-factor test: (1) a likelihood

of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010).

"It  has been well stated that upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).  A preliminary injunction is not granted as a matter of right.  Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982).  Rather, it is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  Further, where the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy."  Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).  A request for mandatory proactive injunctive relief in a prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  Goff v. Harper, 60 F.3d 518 (3d Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Additionally, the power of courts to enter injunctions is limited in a

correctional context by the discretion afforded to prison administrators who are in the best position to control and maintain penological order. Specifically, preliminary injunctive relief in a civil action with respect to prison conditions, such as the action here, must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. <u>See</u> 18 U.S.C. § 3626(a)(2). Moreover, in considering a motion for preliminary injunctive relief, the court must give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. <u>Id.</u> The decision to transfer an inmate back to his former facility is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976). Inmates are not allowed to be housed in an institution of their own choosing. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Meachum</u>, 427 U.S. at 224-5.

In the instant matter, the magistrate judge properly determined that Sosa's motion for a preliminary injunction fails as a matter of law. Sosa cannot meet the first element of injunctive relief because he has not shown a reasonable likelihood of success on the merits that Grillo transferred him in retaliation for filing this action.

A prisoner claiming that a defendant has retaliated against him for

11

exercising his constitutional rights must prove that: 1) his conduct was constitutionally protected; 2) he suffered adverse action at the hands of the defendant; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendant.  <u>Carter v. McGrady</u>, 292 F.3d 152, 158 (3d Cir. 2002).  Here, Sosa asserts that he filed a grievance regarding his alleged physical assault at the hands of Grillo and that, in response, Grillo informed Sosa that he was being transferred to another facility.  Sosa, however, has failed to present any evidence that Grillo possessed authority to recommend his transfer or that Grillo had any involvement in the decision to transfer him.  Moreover, Sosa has not presented evidence from which it can reasonably be inferred that his filing of this action was a substantial or motivating factor in his transfer.  In fact, he has presented no evidence that Grillo even knew that Sosa had filed this case before the decision to transfer was made.  As the magistrate judge noted, Sosa instituted this action on August 29, 2012, and Sosa was transferred from SCI-Waymat to SCI-Frackville on November 26, 2012, but it was not until January of 2013 that the court ordered that the complaint in this case be served on Grillo.

Accordingly, despite his contention that Grillo transferred him in retaliation for filing this action, Sosa has not shown that his filing of this action

was a substantial or motivating factor in his transfer.  <u>See</u> <u>Ambrose v. Twp. of</u>

<u>Robinson</u>, 303 F.3d 488, 493 (3d Cir. 2002) (stating that "it is only intuitive that

for protected conduct to be a substantial or motivating factor in a decision, the

decision makers must be aware of the protected conduct.").  Thus, Sosa has

not shown a reasonable likelihood of success on the merits.

      Although the court has concluded that Sosa cannot meet the first

preliminary injunction element, we nevertheless will address the remaining

three elements.  The second preliminary injunction element requires Sosa to

establish that he will suffer irreparable harm if the requested relief is denied.

Sosa alleges two basis of  irreparable harm: (1) he will be denied an

opportunity to complete his SOTP at SCI-Waymart, which would adversely

affect his right to parole and (2) his filing of this action will put him at an

increased risk of further retaliation from Grillo and other staff at SCI-Waymart.

      Here, Sosa fails to allege that he is ineligible for SOTP at his current

institution, SCI-Frackville.  Rather, he states that he has been denied parole

because of his failure to complete SOTP.  Inmates, however, have no right to

parole.  <u>Newman v. Beard</u>, 617 F.3d 775, 783 (3d Cir. 2010).  Even assuming

he completes SOTP, there is no guarantee that he will be paroled.  Further,

only the Pennsylvania Board of Probation and Parole can parole an inmate.

Grillo cannot grant parole to an inmate. Because the Board is not a party to

this action, the court cannot direct it to parole Sosa, even if it had the power to do so.   Additionally, the court finds the argument that Sosa will suffer irreparable harm in the form of retaliation from Grillo and other staff members at SCI-Waymart meritless as Sosa has already been transferred out of SCI-Waymart and will have no foreseeable contact with Grillo or any prison staff from SCI-Waymart.

The remaining two elements that Sosa would have to establish is that the balance of harms weighs in his favor and that public policy favors his requested relief.  As the magistrate judge found, if Sosa's relief were to be granted, Sosa would effectively have the court make an *ad hoc*, individual decision concerning the treatment of a single prisoner, which could result in severe harm to both Grillo's and the public's interest.  In this prison context, the interest in penological order could be adversely affected if the court began dictating the place of incarceration and treatment for Sosa, one inmate out of thousands in the state prison system.  Therefore, we agree that public policy considerations and the public's interest weigh in favor of denying Sosa's request for a preliminary injunction.  Accordingly, because Sosa has failed to demonstrate any of  the elements that would merit the granting of such extraordinary relief, Sosa's request for a preliminary inunction will be denied.

**Conclusion**

For the reasons stated above, the Magistrate Judge's report and recommendation will be adopted.  The defendant's motion to dismiss the third amended complaint will be granted in part and denied in part as follows: Sosa's verbal harassment claim will be stricken; Sosa's claims for injunctive relief are dismissed; and Sosa's motion for a preliminary injunction is denied. The court will remand this case to the undersigned for further pretrial management including addressing the pending motions in this case.  An appropriate order follows.

Date: **February 3, 2014**                          **s/ James M. Munley**
                                                   **JUDGE JAMES M. MUNLEY**
                                                   **United States District Court**